The opinion of the Court was delivered by
O’Neall, J.
The various grounds, perhaps, deserve to receive separate answers from the Court; and so they will be considered.
1. The bond is first objected to as void for uncertainty. It is enough to say, that the bond must be read, as part of the» proceedings, in the case of Simmons vs. Tyler, in the Court of Equity of Orangeburg District. When thus read, all the uncertáinty vanishes; and it becomes light as day, what was intended by the obligor and obligee.
2. Non-conformity of the bond to the order made by the Commissioner, in the very case to which I have alluded, is the next exception. I think there is nothing in that objection. *196 For the order enjoins the defendant from removing the negroes, Hetty, Ellen, and Louisa, from the State, and requires him to enter into bond with good surety, in the sum of J>1500 for the forthcoming of said negroes to abide the further order of the Court. The bond is conditioned for the defendant’s appearance at the'Court of Equity for Orangeburg District, to answer to a bill of complaint filed against him, and in the meantime to desist from removing or disposing .of said negroes, until a further order of the said Court shall be made respecting the same. This condition is really for what the order required. He was enjoined not to remove the negroes from the State, and to have them forthcoming to abide the further order of the Court. The bond, by its condition, requires him not to remove or dispose of the negroes until a further order of the Court is made respecting the same. That is in exact compliance with the injunction not to remove, and the balance of the order to have them forthcoming to abide the further order of the Court. For if he cannot remove, or dispose of them, until a further order of the Court, it is exactly equivalent to have them forthcoming; for they must then be within the jurisdiction of the Court.
3. It does seem strange to me how the condition can be construed to mean, that if .the negroes were within Orange-burg District at the rendition of the decree, the condition is complied with. It is-true, the condition directs 1st, that the defendant shall appear at the Court of Equity for Orangeburg, on the first Monday in February. That condition is I have no doubt bad, but as decided in Haile vs. Miller, that bad condition does not affect the residue of the condition. It is only kept in the condition to enable us to read and understand the residue, "in the meantime the defendant is to desist from removing or disposing of the negroes, until a further order of the Court is made respecting them.” To say that that means the negroes shall not be removed or disposed of until the first *197 Monday of February, would be literally “ hceret in Hiera, hceret in cortice." For tbe Court of Equity for Orangeburg for' some cause was postponed until the fourth Monday in February. Surely the condition lasted that long, and then the. whole term is as one day, and the decree made within it, directing the sale, would certainly be “the further order of the Court.” But it is unnecessary to pursue that notion further. For the true reading of the condition is that he would not remove or dispose of the negroes .until the further order of the Court. For, until then, he was under the injunction.
4. The decree of the Court of Equity directing the sale of the negroes to foreclose the mortgage by the Commissioner, and their non-production to meet that order, is a breach of the condition.
5. The decree, if paid, ought to have been so shown by the defendants.
6. The injunction continued of force until dissolved. That has never been done.
The grounds for new trial have been considered in the grounds for nonsuit, and need no further answer.
The motions for nonsuit and new trial are dismissed.
G-lover and Munro, JJ., concurred.

Motion dismissed.